**RECEIVED**
**MAY 16 2018**
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Docket or Case No: _____

Rick McDeid
    Petitioner
  v.
**Nancy Johnston,**
CEO/Director,
Minnesota Sex Offender Program (MSOP), et., al.,

**Emily Johnson Piper,**
Commissioner of Human Services, et., al.,

**Lori Swanson**
The Attorney General of the
State of Minnesota et., al.,
    Defendants

PETITION FOR 42 USCS §1983 RELIEF

18-CV-1350 SRN/LIB

---

## JURISDICTION

**42 USCS §1983.  Civil action for deprivation of rights**

> *"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."*

A *pro se* party is not trained in the law and is not required to plead his claims with all of the legal terminology that the court would expect a lawyer to invoke. See <u>Wishnatsky v. Rovner</u>, 433 F.3d 608, 610 (8th Cir. 2006) (recognizing "the requirement that *pro se* complaints be construed even more liberally than counseled pleadings."); <u>Price v. Moody</u>, 677 F.2d 676, 677 (8th Cir. 1982) (noting that "The allegations of a *pro se* complaint are held to less stringent standards than lawyer-drafted pleadings") (citation omitted)).

SCANNED
MAY 16 2018
U.S. DISTRICT COURT ST. PAUL

# PARTIES

Petitioner, pro se

**Richard McDeid**
1111 Highway # 73
Moose Lake, MN 55767

Defendant(s)

**Nancy Johnston**, CEO/Director
Minnesota Sex Offender Program (MSOP)
444 Lafayette Road North
St. Paul, MN 55155

**Emily Johnson Piper**,
Commissioner of Human Services
444 Lafayette Road North
St. Paul, MN 55155

**Lori Swanson**
Minnesota Attorney General
445 Minnesota Street
Suite 1800
St. Paul, MN 55101-2134

PETITIONER:

**Rick McDeid**

Mr. McDeid, is a civilly committed person, under Minnesota Statute §§ 253B and 253D, in accordance with that, Mr. McDeid is currently being held at the Moose Lake Site of the Minnesota Sex Offender Program (hereafter named MSOP).

DEFENDANT(s):

**Nancy Johnston**, CEO/Director, Minnesota Sex Offender Program (MSOP), et., al., who is in charge of and has authority over Petitioner, and following the decision of the Minnesota Supreme Appeals Panel, carrying out the decision of transfers.

**Emily Johnson Piper**, Commissioner of Human Services, et., al., who is in charge of and has authority over Petitioner, and following the decision of the Minnesota Supreme Appeals Panel, carrying out the decision of transfers.

**Lori Swanson** The Attorney General of the State of Minnesota, represents all State of Minnesota employees.

------------------------------------------------------------------------

## CAUSE OF ACTION

On September 21st, 2017, the Supreme Court Appeals Panel (SCAP), issued an order, granting a transfer to a lesser secure setting, (copy enclosed) in accordance with the transfer process described under

Minnesota Statute § 253D.27 PETITION FOR REDUCTION IN CUSTODY

> *Subdivision 1. (a) This subdivision applies only to committed persons as defined in section 253D.02, subdivision 4. The procedures in section 253D.14 for victim notification and right to submit a statement apply to petitions filed and reductions in custody recommended under this subdivision.*

> *(b) For the purposes of this section, reduction in custody means transfer out of a secure treatment facility, a provisional discharge, or a discharge from commitment. A reduction in custody is considered to be a commitment proceeding under section 8.01.*

> *Subd. 2. A petition for a reduction in custody or an appeal of a revocation of provisional discharge may be filed by either the committed person or by the executive director and must be filed with and considered by a panel of the special review board authorized under section 253B.18, subdivision 4c. A committed person may not petition the special review board any sooner than six months following either:*

> *(1) the entry of judgment in the district court of the order for commitment issued under section 253D.07, subdivision 5, or upon the exhaustion of all related appeal rights in state court relating to that order, whichever is later; or*

> *(2) any recommendation of the special review board or order of the judicial appeal panel, or upon the exhaustion of all appeal rights in state court, whichever is later. The executive director may petition at any time. The special review board proceedings are not contested cases as defined in chapter 14.*

> *Subd. 3. (a) The special review board shall hold a hearing on each petition before issuing a recommendation and report under section 253D.30, subdivision 4. Fourteen days before the hearing, the committing court, the county attorney of the county of commitment, the county attorney of the county of financial responsibility, an interested person, the petitioner and the petitioners counsel, and the committed person and the committed persons counsel must be given written notice by the commissioner of the time and place of the hearing before the special review board. Only those entitled to statutory notice of the hearing or those administratively required to attend may be present at the hearing. The committed person may designate interested persons to receive notice by providing the names and addresses to the commissioner at least 21 days before the hearing.*

> *(b) A person or agency receiving notice that submits documentary evidence to the special review board before the hearing must also provide copies to the committed person, the committed persons counsel, the county attorney of the county of commitment, and the county attorney of the county of financial responsibility. The special review board must consider any statements received from victims under section 253D.14.*
>
> *Subd. 4. Within 30 days of the hearing, the special review board shall issue a report with written findings of fact and shall recommend denial or approval of the petition to the judicial appeal panel established under section 253B.19. The commissioner shall forward the report of the special review board to the judicial appeal panel and to every person entitled to statutory notice. No reduction in custody or reversal of a revocation of provisional discharge recommended by the special review board is effective until it has been reviewed by the judicial appeal panel and until 15 days after an order from the judicial appeal panel affirming, modifying, or denying the recommendation.*

The Supreme Court Appeals Panel, stated (copy included) that Mr. McDeid no longer required confinement at the MSOP Moose Lake site. It was determined that Mr. McDeid's custody level was reduced.

Once ordered it is the responsibility of the Defendant(s) to make that transfer, by delaying the transfer the Defendant(s) are knowingly depriving Mr. McDeid his Federal right to Liberty. Causing Mr. McDeid to experience suffering, and harm without due process.

Minnesota Statute § 253D.28  JUDICIAL APPEAL PANEL

*Subdivision 1. Rehearing and reconsideration.*

> *(a) A person committed as a sexually dangerous person or a person with a sexual psychopathic personality under section 253B.185, or committed as both mentally ill and dangerous to the public under section 253B.18 and as a sexually dangerous person or a person with a sexual psychopathic personality under this chapter; the county attorney of the county from which the person was committed or the county of financial responsibility; or the commissioner may petition the judicial appeal panel established under section 253B.19, subdivision 1, for a rehearing and reconsideration of a recommendation of the special review board under section 253D.27.*
>
> *(b) The petition must be filed with the Supreme Court within 30 days after the recommendation is mailed by the commissioner as required in section 253D.27, subdivision 4. The hearing must be held within 180 days of the filing of the petition unless an extension is granted for good cause.*
>
> *(c) If no party petitions the judicial appeal panel for a rehearing or reconsideration within 30 days, the judicial appeal panel shall either issue an order adopting the*

*recommendations of the special review board or set the matter on for a hearing pursuant to this section.*

Subd. 2. Procedure.

*(a) The Supreme Court shall refer a petition for rehearing and reconsideration to the chief judge of the judicial appeal panel. The chief judge shall notify the committed person, the county attorneys of the county of commitment and county of financial responsibility, the commissioner, the executive director, any interested person, and other persons the chief judge designates, of the time and place of the hearing on the petition. The notice shall be given at least 14 days prior to the date of the hearing. The hearing may be conducted by interactive video conference under General Rules of Practice, rule 131, and Minnesota Rules of Civil Commitment, rule 14.*

*(b) Any person may oppose the petition. The committed person, the committed persons counsel, the county attorneys of the committing county and county of financial responsibility, and the commissioner shall participate as parties to the proceeding pending before the judicial appeal panel and shall, no later than 20 days before the hearing on the petition, inform the judicial appeal panel and the opposing party in writing whether they support or oppose the petition and provide a summary of facts in support of their position.*

*(c) The judicial appeal panel may appoint examiners and may adjourn the hearing from time to time. It shall hear and receive all relevant testimony and evidence and make a record of all proceedings. The committed person, the committed persons counsel, and the county attorney of the committing county or the county of financial responsibility have the right to be present and may present and cross-examine all witnesses and offer a factual and legal basis in support of their positions.*

*(d) The petitioning party seeking discharge or provisional discharge bears the burden of going forward with the evidence, which means presenting a prima facie case with competent evidence to show that the person is entitled to the requested relief. If the petitioning party has met this burden, the party opposing discharge or provisional discharge bears the burden of proof by clear and convincing evidence that the discharge or provisional discharge should be denied.*

*(e) A party seeking transfer under section 253D.29 must establish by a preponderance of the evidence that the transfer is appropriate.*

Subd. 3. Decision.  *A majority of the judicial appeal panel shall rule upon the petition. The panel shall consider the petition de novo. No order of the judicial appeal panel granting a transfer, discharge, or provisional discharge shall be made effective sooner than 15 days after it is issued. The panel may not consider petitions for relief other than those considered by the special review board from which the appeal is taken. The judicial appeal panel may not grant a transfer or provisional discharge on terms or conditions that were not presented to the special review board.*

Subd. 4. Appeal.  *A party aggrieved by an order of the appeal panel may appeal that order as provided under section 253B.19, subdivision 5.*

Karsjens v. Piper, 2017 U.S. App. LEXIS 3230 (8th Cir. Minn., Feb. 22, 2017)Petition for certiorari filed at, 05/19/2017

> a. *Administrative Law > Agency Adjudication > Review of Initial Decisions*
>
> *Once committed under the Minnesota Civil Commitment and Treatment Act: Sexually Dangerous Persons and Sexual Psychopathic Personalities ("MCTA"), a committed person or the executive director of the Minnesota Sex Offender Program may petition for a reduction in custody, which includes transfer out of a secure treatment facility, a provisional discharge, or a discharge from commitment. Minn. Stat. 253D.27. The petition is filed with and considered by a panel of the special review board. Minn. Stat. 253D.27. Those panels consist of members experienced in the field of mental illness, including at least one psychiatrist or a doctoral level psychologist with forensic experience and one attorney. Minn. Stat. 253B.18, subd. 4c. The special review board must hold a hearing and issue a report with written findings of fact and shall recommend denial or approval of the petition to the judicial appeal panel. Minn. Stat. 253D.27, subd. 3 and 4. An appeal of the recommendation of the special review board may be made by a committed person, a county attorney, or the Commissioner of the Department of Human Services (DHS) to the judicial appeal panel. Minn. Stat. 253D.28. At a hearing, the judicial appeal panel receives evidence and makes a de novo consideration of the recommendation of the special review board. Minn. Stat. 253D.28.*

## CONCLUSION:

State employees acting under the color of law, failed to provide protection under the Federal Constitution and further failed to grant fundamental Federal Constitutional Rights to Liberty, when so ordered to do so.

**42 USCS §1983.   Civil action for deprivation of rights**

> *"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."*

Defendant(s) failed to release or properly place a patient under their care, once that patient was determined to no longer need his current level of care, based on this Mr. McDeid is seeking to have his Federal Civil Rights to Liberty enforced as well as seeking any and all damages, to be determined by this court.

Mr. McDeid went through the release process, under Minnesota Statute § 253D, it was determined that Mr. McDeid was deemed safe to be transferred to a lesser restrictive settings.

> *"We believe that so long as application of the statutory criteria comports with the basic constitutional requirement that "the nature of commitment bear some reasonable relation to the purpose for which the individual [was originally] committed," **the statutory discharge criteria set forth in section 253B.18, subdivision 15, should apply to persons committed as psychopathic personalities.** Foucha v. Louisiana, 504 U.S. 71, 79, 118 L. Ed. 2d 437, 112 S. Ct. 1780 (1992); see also Jackson v. Indiana, 406 U.S. 715, 738, 32 L. Ed. 2d 435, 92 S. Ct. 1845 (1972); Lidberg v. Steffen, 514 N.W.2d 779, 783 (Minn. 1994)."*

> *To prevail on 42 USCS 1983 claim, plaintiff must demonstrate that defendants deprived her of right secured under Constitution or federal law. Constantino v Madden (2003, MD Fla) 16 FLW Fed D 321*

In *Constantino v Madden*, it is up to Mr. McDeid to show that he has suffered a loss of his Federally protected constitutional rights:

> *At the same time, the Courts have recognized that for the ordinary citizen, commitment to a mental hospital produces "a massive curtailment of liberty," Humphrey v. Cady, 405 U.S. 504, (1972). "The loss of liberty produced by an involuntary commitment is more than a loss of freedom from confinement and among the historic liberties protected by the Due Process Clause is the right to be free, and to obtain judicial relief for unjustified intrusions on personal security,"*

When considering this, it should be noted that the right to be free from restrain is a fundamental right. Once Mr. McDeid was declared to no longer require his current level of care, he becomes illegally deprived of his fundamental right to liberty. Mr. McDeid is deprived of his fundamental right to liberty, because the Defendant(s) claim to have no room, it isn't Mr. McDeid's fault there is no "bed space", yet it is the responsibility of the Defendant(s) to provide that "bed space" when needed, failure to do so causes direct harm to Mr. McDeid, in that his fundamental right to liberty is restricted through no fault of Mr. McDeid.

Minn. Stat. § 253B.18, subd.15 (renamed Minn. Stat. § 253D.28 ) entitles those committed as "dangerous" to immediate release as soon as he/she is found to be no longer dangerous to others. According to the decisions in See <u>Foucha v. Louisiana</u>, *504 U.S. 71, 79, 118 L. Ed. 2d 437, 112 S. Ct. 1780 (1992)* (stating that "The Louisiana statute, insofar as it permitted the indefinite detention of insanity acquittees who were not mentally ill but who did not prove that they would not be dangerous, violated the due process clause.")

According to the Federal case of *Kansas vs. Hendricks*, 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997)).

**Constitutional Law 74; Criminal Law 22 - civil commitment of sexually violent predators - punitive intent**
> 7. *For purposes of determining whether a state statute providing for the civil commitment of sexually violent predators violates the double jeopardy or ex post facto provisions of the Federal Constitution, a state cannot be said to have acted with punitive intent where the state has (1) disavowed any punitive intent, (2) limited confinement to a small segment of particularly dangerous individuals, (3) provided strict procedural safeguards, (4) directed that confided persons be segregated from the general prison population and afforded the same status as others who have been civilly committed, (5) recommended treatment if such is possible, and (6) permitted immediate release upon a showing that the individual is no longer dangerous or mentally impaired.*

Please note number (6) above, *permitted immediate release upon a showing that the individual is no longer dangerous or mentally impaired,* Defendant(s) acting under color of law have failed to properly follow the Federal Supreme Court ruling, in that once Mr. McDeid met the requirements for lesser restrictive placement, the Defendant(s) deprived Mr. McDeid of his freedom, this causes harm that can't not be repaired, in that there is no way to go back in time and undue the harm suffered.

31 USCS 1343    Civil rights and elective franchise
> *(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:*
>> *(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;*
>> *(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;*

> *(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;*
> *(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.*

Under 31 USCS 1343, Petitioner has the right to seek redress for harm that he suffered and secure such right to redress by approaching this Federal District Court.

Pursuant to Penalty of Perjury and 28 U.S.C. § 1746, I swear the foregoing is true and correct to the best of my knowledge and ability:

Respectfully Submitted,

_Rick L. McDeid_  
Rick McDeid, pro se  
1111 Highway # 73  
Moose Lake, MN 55767

Dated: 5-10-18