UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rick McDeid,

               Plaintiff,                        Court File No. 18-cv-1350 (SRN/LIB)

v.

**REPORT AND RECOMMENDATION**

Nancy Johnston, et al.,

               Defendants.

This matter came before the undersigned United States Magistrate Judge pursuant to an Order of referral from the Honorable Susan R. Nelson, [Docket No. 18], made in accordance with the provisions of 28 U.S.C. § 636(b)(1), and upon Defendants' Motion to Dismiss. [Docket No. 11]. On August 14, 2018, the Court established a briefing schedule for Defendants' Motion to Dismiss. (Order [Docket No. 20]). In accordance with the briefing schedule, on September 18, 2018, the Court took Defendants' Motion under advisement on the parties' written submissions. (Id.).

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 11], be **GRANTED**.

**I.    BACKGROUND AND STATEMENT OF FACTS[1]**

Rick McDeid, (hereinafter "Plaintiff"), is civilly committed to the Minnesota Sex Offender Program ("MSOP"). (Compl., [Docket No. 1], at 2). Plaintiff resides at MSOP's Moose Lake

---

[1] For the purposes of the present Motion to Dismiss under Rule 12(b)(6) or Rule 12(b)(1), the Court accepts the facts alleged in the complaint as true and construes them in the light most favorable to Plaintiff. See, Carlsen v. Game Stop, Inc., 833 F.3d 903, 908 (2016) (stating that a facial attack on jurisdiction under Rule 12(b)(1) receives Rule 12(b)(6) protection, so a reviewing court must accept as true all facts alleged in the complaint).

facility. (Id.). Generally, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 alleging that Defendants have deprived him "of his fundamental right to liberty, because of the Defendant(s) [sic] claim to have no room" at the Community Preparation Services facility (hereinafter "CPS").[2] (Id. at 7).

On July 22, 1999, Plaintiff was civilly committed as a sexually dangerous person ("SDP") and a sexual psychopathic personality ("SPP"). (Ex. 1, [Docket No. 1-1], at 1). The reviewing court made a final determination of his SDP and SPP status, and it ordered Plaintiff's indeterminate commitment on December 2, 1999. (Id.).

Plaintiff petitioned the Minnesota Special Review Board (hereinafter "SRB") for a transfer to CPS, provisional discharge, or full discharge from his civil commitment. (Id. at 2). On September 26, 2016, the SRB issued its findings of fact and recommendations, which granted Plaintiff's request for transfer to CPS, but it denied his requests for provisional discharge or full discharge. (Id.).

Following the SRB's decision, the Minnesota Commissioner of Human Services filed a petition for rehearing and reconsideration, and the Minnesota Supreme Court Appeal Panel held a hearing on June 14, 2017. (Id. at 1–2). At the hearing, Plaintiff withdrew his request for provisional discharge or full discharge. (Id. at 1). On September 21, 2017, the Minnesota Supreme Court Appeal Panel granted Plaintiff's petition for transfer to CPS, a non-secure Department of Human Services setting, pursuant to Minn. Stat. § 253D.28, subd. 2(e). (Id. at 12).

After the Minnesota Supreme Court Appeal Panel granted Plaintiff's petition for transfer to CPS, Plaintiff alleges that he has not so far been transferred to CPS, and that CPS told him that

---

[2] "Community preparation services means specialized residential services or programs operated or administered by the Minnesota sex offender program outside of a secure treatment facility." Minn. Stat. § 246B.01, subd. 2a. "A civilly committed sex offender may be placed in community preparation services only upon an order of the [state court] judicial appeal panel under Minn. Stat. § 253B.19." Id.

2

they currently do not have bed space to accommodate his transfer to the CPS facility. (Compl., [Docket No. 1], at 7).

On May 16, 2018, Plaintiff filed the present Complaint against Defendant Nancy Johnston, Defendant Emily J. Piper, and Defendant Lori Swanson. (Compl. [Docket No. 1]).

Broadly construing Plaintiff's Complaint in his favor, Plaintiff states two claims against Defendants: (1) Defendants failed to comply with a state court order; and (2) Defendants violated his due process rights. (Compl., [Docket No. 1], at 7). The facts asserted by Plaintiff underlying his claims are that Defendants have not transferred him to the CPS facility pursuant to the state court order because the CPS facility "claim[s] to have no room." (Id.).

On August 9, 2018, Defendants filed their Motion to Dismiss, and the undersigned issued an Order establishing a briefing schedule. (Defs.' Mot. to Dismiss [Docket No. 11]; Briefing Schedule [Docket No. 20]). Plaintiff filed his Response to their Motion on August 23, 2018. (Plf.'s Resp. [Docket No. 21]). Defendants filed their Reply on August 28, 2018. In accordance with the briefing schedule, on September 18, 2018, the Court took Defendants' Motion under advisement on the parties' written submissions. (Id.).

By his Complaint, Plaintiff requests this Court grant him injunctive relief, and seeks an Order from this Court ordering Defendants' to comply with a state court order. (Compl., [Docket No. 1], at 7). Plaintiff also appears to seek monetary damages from Defendants. (Id.).

## II. DEFENDANTS' MOTION TO DISMISS. [DOCKET NO. 11].

Defendants move the Court for an Order dismissing Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and because of a failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. to Dismiss [Docket No. 11]).

### A. Standard of Review

#### Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move to dismiss a pleading for lack of subject matter jurisdiction challenging the sufficiency of the pleading on its face or the factual truthfulness of its allegations. See, Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914–15 (8th Cir. 2015). When, as here, the moving party raises facial challenges, "'the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction.' Accordingly, 'the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" See, Id. at 914 (quoting Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).[3]

*Pro se* complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

### B. Analysis

To state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, "a plaintiff must [allege] (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citations omitted)). A plaintiff must plead facts sufficient to demonstrate that an individual defendant was directly and personally involved in an alleged constitutional violation. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (emphasis added); Clemmons v.

---

[3] Because this Court finds that it lacks subject matter jurisdiction over the claim raised in Plaintiff's Complaint, it recommends dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Accordingly, the Court need not consider Defendants' Motion to Dismiss for insufficient pleading pursuant to Rule 12(b)(6).

4

Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."). In addition to pleading individual involvement, a plaintiff must sufficiently plead a violation of a specific constitutional right. Id.

Liberally construing his Complaint in his favor, the only claim Plaintiff brings against Defendants is that they have not complied with a state court order. (Compl., [Docket No. 1], at 7).[4] The facts asserted by Plaintiff underlying his claim is that Defendants have not yet transferred him to the CPS facility pursuant to the state court order because the CPS facility "claim[s] to [presently] have no room." (Id.).

1. **Official Capacity**

As an initial matter, based on the record now before the Court, the undersigned finds that Plaintiff is only suing Defendants in their official capacities as state officials for the reasons explained below.

"[T]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device." Hafer v. Melo, 502 U.S. 21, 25 (1999) (quotation omitted). A Section 1983 claim against a public official in his official capacity is qualitatively different than one arising from the same set of facts and asserted against the same official in his individual capacity: the former is "functionally equivalent to a suit against the employing governmental entity," while the

---

[4] Because of the type of relief that Plaintiff seeks, specifically an Order from this Court directing state officials to conform with a state court order, Plaintiff is not asking for due process but rather injunctive relief. Even liberally construing Plaintiff's pleadings, Plaintiff merely makes a conclusory assertion that he is bringing a due process claim. The record, however, indicates that Plaintiff received due process and that the state court order he seeks to enforce is the result of that process. Plaintiff does not allege any process that he was denied. Rather, Plaintiff has had his process, and it resulted in an order, whereas Plaintiff now seeks injunctive relief to enforce that order. The Court, therefore, will not address what process would be due to Plaintiff.

latter is a claim against the official personally. <u>Veatch v. Bartels Lutheran Home</u>, 627 F.3d 1254, 1257 (8th Cir. 2010). "For many reasons, including exposure to individual damage liability and [the availability of different] immunity [defenses], these are different causes of action." <u>Baker v. Chisom</u>, 501 F.3d 920, 923 (8th Cir. 2007).

As a result of this dichotomy of claims, the Eighth Circuit has for decades required a plaintiff intending to sue a public official in his individual capacity to say so explicitly in his pleadings:

> [T]his court has often considered [whether] a plaintiff [has] properly asserted § 1983 claims against a public official acting in his individual capacity. We have repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." <u>Egerdahl v. Hibbing Cmty. Coll.</u>, 72 F.3d 615, 619 (8th Cir. 1995); <u>see</u> <u>Nix. v. Norman</u>, 879 F.2d 429, 431 (8th Cir. 1989). "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." <u>Artis v. Francis Howell N. Band Booster Ass'n, Inc.</u>, 161 F.3d 1178, 1182 (8th Cir. 1998) . . . .
>
> [O]ur cases require more than ambiguous pleading. <u>See</u> <u>Andrus ex rel. Andrus v. Arkansas</u>, 197 F.3d 953, 955 (8th Cir. 1999) ("specific pleading of individual capacity is required"); <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); <u>Murphy v. State of Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997) ("a clear statement that officials are being sued in their personal capacities" is required). A "cryptic hint" in plaintiff's complaint is not sufficient. <u>Egerdahl</u>, 72 F.3d at 620.

<u>Id.</u>

Plaintiff does not mention claims against Defendants in their individual capacity anywhere in his Complaint. Nowhere in his Complaint does Plaintiff specifically, expressly, or clearly state that he is suing Defendants in their individual capacity nor on what individualized basis. Rather, in the caption of his Complaint, Plaintiff names Defendants and includes their official titles. (<u>See</u>, Compl., [Docket No. 1], at 1–2). Furthermore, there are no statements contained in his Complaint

6

that would put Defendants on notice that they were also being sued in their individual capacity. Lastly, and importantly, in his response to Defendants' Motion to Dismiss, Plaintiff clarifies that he is suing Defendants only in their official capacities. (Plf.'s Resp., [Docket No. 21], at 5–6).

Given the prevailing precedent in the Eighth Circuit, as illustrated above, Plaintiff's lack of definitive statement; and Plaintiff's statement that he is only suing Defendants in their official capacities, the undersigned finds Plaintiff's Complaint to contain only official capacity claims.

### 2. Monetary Damages

Plaintiff's Complaint, liberally construed in his favor, first seeks monetary damages against Defendants in their official capacities. (Compl. [Docket No. 1]). However, in his Response to Defendants' Motion to Dismiss, Plaintiff now states that he "has not sought monetary damages from the defendants." (Plf.'s Resp., [Docket No. 21], at 5–6). However, Plaintiff also states that he "simply left the issue of damages to the discretion of the Court." (Id.). Additionally, in his Complaint, Plaintiff states that he is seeking "any and all damages, to be determined by this court." (Compl., [Docket No. 1], at 7). The Court, therefore, will address whether Plaintiff is entitled to any monetary relief against Defendants in their official capacities.

As a threshold subject matter jurisdictional consideration, "[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Thus, the Eleventh Amendment prohibits an action for monetary damages against a state unless it has unequivocally consented to suit, or Congress has abrogated the states' immunity for a particular federal cause of action. Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996); Faibish v. University of Minnesota, 304 F.3d 797, 200 (8th Cir. 2002). States are entitled to Eleventh Amendment immunity from federal claims brought under Section 1983. Hadley, 76 F.3d at 1438

("Section 1983 does not override Eleventh Amendment immunity."). If claims are prohibited by Eleventh Amendment immunity, that immunity prohibition deprives the Court of subject matter jurisdiction, and under such circumstances, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate. See, Daniels v. Jesson, No. 13-cv-736, (JNE/SER), 2014 WL 3629874, at *5 (D. Minn. July 22, 2014); Semler v. Ludeman, No. 09-cv-0732 (ADM/SRN), 2010 WL 145275, at *7 (D. Minn. Jan 8, 2010).

The immunity afforded a state in federal court extends to agencies of the state. Minnesota Pharmacists Ass'n v. Pawlenty, 690 F. Supp. 2d 809, 815 (D. Minn. 2010) (citing Florida Dep't of Health & Rehabilitative Sers. v. Florida Nursing Home Ass'n, 450 U.S. 147 (1982)). Similarly, a suit against a state employee in that person's official capacity constitutes a suit against the public employer, namely, the state itself. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)); See also, Uland v. City of Winsted, 570 F. Supp. 2d 1114, 1119–20 (D. Minn. 2008) (citing Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Bankhead v. Knickrehm, 360 F.3d 839, 844 (8th Cir. 2004)). "The law is clear that, 'the real party in interest in an official capacity suit is the governmental entity and not the named official.'" Semler, 2010 WL 145275, at *6 (citing Baker, 501 F.3d at 925 (quoting Hafer, 502 U.S. at 25 (1999))). "It is well-settled that in a 42 U.S.C. § 1983 action, the Eleventh Amendment precluded an award of money damages against a state official acting in his or her official capacity. A plaintiff may maintain an action against a governmental official if the complaint seeks only injunctive or prospective relief." Semler, 2010 WL 145275, at *7 (citations omitted).

As employees of the MSOP, the Minnesota Department of Human Services, or the State of Minnesota, Defendants in the present case are state officials. See, Id.; Daniels v. Jesson, No. 13-cv-736, (JNE/SER), 2014 WL 3629874, at *5 (D. Minn. July 22, 2014) (finding that where a

8

claim was brought against employees of the MSOP and the Minnesota Attorney General, that "the State of Minnesota is the real party in interest"). The Court, therefore, necessarily must construe Plaintiff's alleged Section 1983 official capacity claims against the Defendants as being alleged against the employing entity, i.e., the State of Minnesota.

Thus, where a plaintiff has sued a state official solely in their official capacity, the Eleventh Amendment precludes an award of money damages against a state official acting in their official capacity if the state has not waived its immunity and consented to be sued. In Semler, the plaintiffs sued defendants for monetary damages in their official capacities for alleged violations of their constitutional rights. Semler, 2010 WL 145275 at *6. The Court found, however, that the State of Minnesota has not waived its immunity nor consented to be sued in the case. Id. The Court ultimately held that "to the extent that [the plaintiffs] seek monetary damages for actions taken by [the defendants] in their official capacities, these claims against [the defendants] are barred by the Eleventh Amendment and, therefore, it is recommended that they be dismissed with prejudice." Id.

In the present case, like in Semler, Plaintiff is suing Defendants for monetary damages solely in their official capacities. Similarly, also, the State of Minnesota has not waived its immunity nor consented to being sued in the present case. Therefore, "to the extent that Plaintiff seek[s] monetary damages for actions taken by [Defendants] in their official capacities, these claims against [Defendants] are barred by the Eleventh Amendment." Id. Thus, even liberally construing Plaintiff's Complaint and drawing all reasonable inferences in his favor, the present record before the Court is still devoid of any evidence or legal authority demonstrating either the state's consent to suit or Congressional abrogation of the state's sovereign immunity.

Therefore, the Court recommends that all of Plaintiff's Section 1983 claims so far as they seek monetary damages as alleged against the named Defendants sued in their official capacities be **DISMISSED with prejudice** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). See, Semler, 2010 WL 145275, at *7 ("[T]o the extent that Plaintiffs seeks monetary damages for actions taken by Defendants in their official capacities, these claims against Defendants are barred by the Eleventh Amendment[.]").

Dismissing Plaintiff's claims for monetary damages against the named Defendants in their official capacities leaves Plaintiff's official capacity claims for injunctive relief for the Court's further consideration below.

### 3. September 21, 2017, Order

Plaintiff next asserts that he is entitled to injunctive relief because Defendants have failed to comply with the September 21, 2017, Order of the Minnesota Supreme Court Appeal Panel. (Compl. [Docket No. 1]). Therefore, Plaintiff seeks an Order of this Court compelling Defendants to comply with the state court order.

Similar to monetary relief under the Eleventh Amendment, "[t]he Eleventh Amendment establishes a general prohibition of suits in federal court by a citizen of a state against his state or an officer or agency of that state." 281 Care Comm. v. Arneson, 638 F.3d 621, 632 (8th Cir. 2011) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). Generally, "[t]here is no federal constitutional question inherent in an alleged violation of state law by a state official." Jacob v. Clarke, 2005 WL 1630832, *2 (D. Neb. July 11, 2005). Rather, "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993).

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of

10

> federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty <u>than when a federal court instructs state officials on how to conform their conduct to state law</u>. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

<u>Pennhurst</u>, 465 U.S. at 106 (emphasis added); <u>See also</u>, <u>Grand River Enters. Six Nations, Ltd. v. Beebe</u>, 467 F.3d 698, 701–02 (8th Cir. 2006) ("Absent waiver by the state, a federal court has no power to order a state officer exercising delegated authority to comply with duties imposed by state law.") (citation omitted).

The Eighth Circuit has specifically held that "violations of state laws, state-agency regulations, and more particularly, <u>state-court orders</u>, do not by themselves state a claim under 42 U.S.C. § 1983. Section 1983 guards and vindicates federal rights alone." <u>Ebmeier v. Stump</u>, 70 F.3d 1012, 1013 (8th Cir. 1995) (emphasis added). Similarly, the Eighth Circuit has cautioned that "[federal courts] must be extremely careful in examining claimed violations of state laws, regulations and [state] court orders." <u>Whisman Through Whisman v. Rinehart</u>, 119 F.3d 1303, 1311–12 (8th Cir. 1997).

As previously discussed, as employees of the MSOP, the Minnesota Department of Human Services, or the State of Minnesota, Defendants in the present case are state officials. <u>See</u>, <u>Id.</u>; <u>Daniels</u>, 2014 WL 3629874, at *5 (finding that where a claim was brought against employees of the MSOP and the Minnesota Attorney General, that "the State of Minnesota is the real party in interest"). The Court, therefore, necessarily must again construe Plaintiff's alleged Section 1983 official capacity claims against the Defendants as being alleged against the employing entity, i.e., the State of Minnesota.

Federal courts do not have jurisdiction to instruct state officials on how to conform their conduct to state law or state court orders. <u>Green Party of Arkansas v. Daniels</u>, 733 F. Supp. 2d 1055, 1058 (E.D. Ark 2010) (quoting <u>Pennhurst</u>, 465 U.S. at 106). For example, in <u>Daniels</u>, the

plaintiff sought an order from the court that would order the defendant, a state official, to recognize the plaintiffs as a political party under state law. Id. The plaintiffs claimed that the defendant was misinterpreting state law. Id. The court, however, held that it did not have jurisdiction to consider the claim because their claim sought to have the court order a state official to conform their conduct to state law. Id.

Similarly, in Ebmeier, the Eighth Circuit held that a plaintiff could not state a claim under Section 1983 where he only alleged that state employees violated his federal constitutional rights by deviating from a state court order. Ebmeier, 70 F.3d at 1013. The plaintiff in Ebmeier brought a Section 1983 action against the defendants, all of which were state of employees, claiming that the employees violated his due process rights by disregarding a court-ordered plan to reunite him with his children. Id. at 1012. The Court disagreed, however, and instead held that the defendants' deviation from the state court-ordered plan did not violate his federal constitutional rights. Id. at 1013. The Court emphasized that:

> It is established beyond peradventure that a state actor's failure to observe a duty imposed by state law, standing alone, is not a sufficient foundation on which to erect a section 1983 claim. Although it is true that constitutional significance may attach to certain interests created by state law, not every transgression of state law does double duty as a constitutional violation.

Id. (quoting Martinez v. Colon, 54 F.3d 980, 989 (1st Cir. 1995) (citations omitted)).

Like the plaintiff in Ebmeier, Plaintiff in the present case asks the Court to order Defendants to comply with a state court order. Specifically, he requests this Court, in conformity with the September 21, 2017, Order of the Minnesota Supreme Court Appeal Panel, to order Defendants to transfer him to the CPS facility. A state court order, however, "standing alone, is not a sufficient foundation on which to erect a section 1983 claim." Id.

Therefore, to the extent that Plaintiff asks this Court to order Defendants to comply with a state court order, even liberally construing Plaintiff's Complaint and drawing all reasonable inferences in his favor, the present record before the Court is still devoid of any evidence or legal authority granting this Court the power to take such an action. Rather, because Defendants are state employees, "the Eleventh Amendment bars [the] court from ordering [Defendants] to conform their conduct to state law," meaning this Court does not have subject matter jurisdiction to decide Plaintiff's claim. Greene, 806 F.3d at 1149.

Therefore, the undersigned recommends that Plaintiff's Section 1983 claim, to the extent that it asks the Court to order the state agency or state official Defendants to comply with a state court order, be **DISMISSED with prejudice** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[5]

### III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Defendants' Motion to Dismiss, [Docket No. 11], be **GRANTED**, as set forth above;
2. Plaintiff's Complaint, [Docket No. 1], be **DISMISSED with prejudice**.

Dated: November 5, 2018               s/Leo I. Brisbois
                                      The Honorable Leo I. Brisbois
                                      United States Magistrate Judge

---

[5] In his Response to Defendants' Motion to Dismiss, Plaintiff states, "If the Court does not believe that Plaintiff has alleged enough facts to satisfy the pleading standard, Plaintiff requests that the motion to dismiss be granted without prejudice and the Plaintiff be given leave to file an amended complaint." The Court, however, has found that it lacks subject matter jurisdiction to adjudicate Plaintiff's claim and has recommended dismissal of Plaintiff's claim with prejudice. Thus, to the extent Plaintiff seeks relief to amend his Complaint, that request is denied.

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).